# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **MELVIN M. CAMBRICE, III**<br>    LA. DOC #374834<br>VS.<br><br>**LCS CORRECTIONS SERVICES,**<br>**ET AL.** | **CIVIL ACTION NO. 08-1342**<br><br>**SECTION P**<br>**JUDGE DOHERTY**<br><br>**MAGISTRATE JUDGE METHVIN** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Melvin M. Cambrice, III, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 10, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the South Louisiana Detention Center (SLDC), Basile, Louisiana, but he complained that he was denied appropriate medical care at that facility and at the J. B. Evans Corrections Center (JBECC) and the Caldwell Parish Corrections Center (CPCC). He sued the LCS Corrections Services, Inc., and the Medical Staffs at JBECC, CPCC, and SLDC. He prayed for a transfer to another facility, treatment of his illness, and an unspecified amount of compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

In his original complaint, plaintiff alleged that by November 2007 he had previously requested treatment of his genital and anal warts[1] from unspecified officials or corrections officers at JBECC, CPCC and SLDC. On March 7, 2008 he was examined by physicians at E. A. Conway Hospital in Monroe; and, in July 2008, he was examined by physicians at the University Medical Center, Lafayette. According to plaintiff he was not treated at either hospital and the Louisiana Corrections Service, Inc., medical staff failed to provide appropriate treatment. His formal prisoner grievances, including his grievance filed with the LDOC, remain unanswered.

Plaintiff was directed to amend to name each person who violated his rights. He was also advised that his complaint was subject to dismissal insofar as he sued non-juridical persons such as JBECC, CPCC and SLDC. Further, it was observed that while plaintiff admitted that he was examined by physicians at two different hospitals in March and July 2008, he claimed that he was not treated. However he did not describe what occurred during the course of these hospital visits nor did he describe the type of care he believed would be appropriate for his condition. Finally, he was instructed concerning the law and directed to amend his complaint to allege facts establishing deliberate indifference. [rec. doc. 4]

On December 29, 2008 plaintiff requested a stay of these proceedings suggesting that he would be more able to litigate his claims following his ultimate release from custody. [rec. doc. 5] That request was denied on January 7, 2009, however plaintiff was afforded an additional

---

[1] Genital warts are soft wart-like growths on the genitals caused by a viral skin disease. Genital warts are a type of sexually transmitted disease (STD), also called a sexually transmitted infection (STI). Medline Plus, A Service of the U.S. National Library of Medicine and the National Institutes of Health, accessed March 30, 2009 http://www.nlm.nih.gov/medlineplus/ency/article/000886.htm

period of 30 days within which to amend his complaint in compliance with the order referred to above. [rec. doc. 6] Thereafter, on January 23, 2009 plaintiff amended his complaint to allege the following:

On November 7, 2007 he informed unnamed members of the JBECC medical staff of his condition – the presence of cysts on his back and thigh and the presence of genital/anal warts. Forty-five days later he submitted a formal request for "sick call." Sometime in December 2007 he was advised by an unnamed nurse that he would have to see a physician.

On December 28, 2007 he was transferred to CPCC. On December 30, 2007 he submitted a request for sick call again complaining of the cysts and warts. He was advised that he would be examined by a physician. On January 13, 2008 he submitted another sick call complaining of back pain and anal discomfort. He discussed his condition with Nurse Westrop who advised that an examination by a physician would be arranged.

On March 7, 2008 he was transported to E.A. Conway Hospital in Monroe where he was examined by a physician. Plaintiff advised the physician that he was requesting examination and treatment of the cysts and the warts. The physician examined plaintiff and advised that there was "... nothing they could do..." Upon his return to CPCC, plaintiff requested to speak to Nurse Westrop. Plaintiff complained that his warts were not treated because that complaint had not been forwarded to the physician. Westrop then advised plaintiff that she had no control over the E.A. Conway Hospital and advised plaintiff to "live with" his condition.

Plaintiff filed a grievance at CPCC (No. 08-51). Both Westrop and the Assistant Warden concurred that neither had authority over the E. A. Conway Hospital.

On June 18, 2008 plaintiff was transferred to SLCC. On June 22, 2008 he submitted a sick call and was examined by a physician who offered to prescribe Condylox ®. [2] Plaintiff declined claiming that Condylox ® had previously caused a burning sensation and spreading of the warts. Instead, plaintiff requested cryotherapy.[3] Consequently, the physician at SLCC referred him to the University Medical Center (UMC) in Lafayette.

On July 7, 2008 plaintiff was examined by a physician at UMC who referred plaintiff to the surgery clinic. On November 4, 2008 plaintiff was examined by two physicians at the UMC Surgery Clinic. Plaintiff again requested cryotherapy, but the physicians declined and advised plaintiff that they did not perform that procedure. Instead, they recommended podofylox as a substitute for condylox. Plaintiff advised the physicians of his concerns, however, no other treatment was offered.

On November 4, 2008 plaintiff submitted a grievance (No. 08-210) to SLCC staff. Nurse Joseph advised plaintiff that she had no authority over the UMC physicians and that she was unable to refer him to another physician since his condition was not life-threatening. [rec. doc. 7]

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to

---

[2] Condylox® or podofilox cream or gel is a self-applied prescription treatment for external genital warts. It may be less expensive than treatment done in a health care provider's office, is easy to use and is safe. http://www.drugs.com/condylox.html

[3] Cryotherapy is a method of superfreezing tissue in order to destroy it. Medline Plus, A Service of the U.S. National Library of Medicine and the National Institutes of Health at http://www.nlm.nih.gov/medlineplus/ency/article/002322.htm

42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has alleged that the defendants denied him appropriate medical care and treatment. Plaintiff was instructed and was allowed to amend his complaint to provide evidence to support his claim that the defendants' actions amounted to deliberate indifference. He has stated his claim and need not be afforded any further opportunity for amendment.

## 2. Medical Care

Plaintiff claims that he has been denied appropriate medical treatment for his genital and anal warts. Medical care claims when asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the defendant prison officials knew of and then disregarded an excessive risk to the plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that <u>they subjectively intended that harm occur</u>. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. Such deliberate indifference has been equated with "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d 174 (5th Cir.1994).

Thus, even "... the failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). <u>Finally, disagreement with diagnosis and treatment cannot support a claim of deliberate indifference</u>. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).

Plaintiff's complaints were not ignored; he was not intentionally treated incorrectly. By his own admission, during the one-year period in question, plaintiff was examined by five physicians – a physician at E.A. Conway Hospital on March 7, 2008; a physician at SLCC on June 22, 2008; a physician at the UMC on July 7, 2008; and two physicians at the UMC Surgery Clinic on November 4, 2008.

Each of these physicians recommended a course of treatment and offered to prescribe a form of medication which is a generally accepted method of treating plaintiff's condition. Plaintiff, disagrees with the treatment plan which has been approved by these physicians and instead demands an alternative treatment.

As noted above, the fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.*

Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from

pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra*. In short, plaintiff's medical care claim is frivolous.

### 3. Conclusion and Recommendation

Plaintiff's allegations do not establish the deliberate indifference standard required under law. His medical care allegations are subject to dismissal as frivolous and for failing to state a claim for which relief may be granted. Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on March 30, 2009.

Mildred E. Methvin
United States Magistrate Judge